WILMER CUTLER PICKERING
HALE AND DORR LLP
Andrew N. Goldman, Esq.
Charles C. Platt, Esq.
Michael A. Guippone, Esq.
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
E-mail: andrew.goldman@wilmerhale.com
　　　　　charles.platt@wilmerhale.com
　　　　　michael.guippone@wilmerhale.com

WILMER CUTLER PICKERING
HALE AND DORR LLP
Benjamin W. Loveland, Esq.
60 State Street
Boston, Massachusetts 02109
Tel:  (617) 526-6000
Fax:  (617) 526-5000
E-mail: benjamin.loveland@wilmerhale.com

LARSON & ZIRZOW
Matthew C. Zirzow, Esq., NVB 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169
E-mail: mzirzow@lzlawnv.com

Attorneys for GLAS USA LLC,
in its capacity as successor Administrative Agent

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br><br>EB HOLDINGS II, INC.,[1]<br>a Nevada corporation,<br><br>　　　　　Alleged Debtor. | BK-S-17-12642<br>Chapter 11<br><br>**STATEMENT OF PETITIONING CREDITOR GLAS USA LLC, IN ITS CAPACITY AS ADMINISTRATIVE AGENT, IN SUPPORT OF INVOLUNTARY CHAPTER 11 PETITION UNDER SECTION 303 OF THE BANKRUPTCY CODE**<br><br>Hearing Date: N/A<br>Hearing Time:  N/A |

---

[1]  The location of the Debtor's corporate headquarters and the Debtor's service address is 2777 North Stemmons Freeway, Dallas, TX 75207; the Debtor's registered agent is United Corporate Services, Inc., 2520 St. Rose Pkwy, Ste. 319, Henderson, NV 89074.

TO THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTEREST:

GLAS USA LLC, solely in its capacity as administrative agent (the "*Administrative Agent*") for each of the lenders to EB Holdings II, Inc. (the "*Debtor*") under that certain PIK Loan Agreement (including Annex I thereto) dated March 23, 2007, in the amount of €600,000,000 (the "*PIK Loan Agreement*," and the loan made pursuant thereto, including accrued and unpaid interest thereon, the "*PIK Loan*")[1], hereby makes this statement (the "*Statement*") in support of the involuntary chapter 11 petition (the "*Involuntary Petition*") filed against the Debtor, a Nevada corporation, by the Administrative Agent on behalf of all lenders under the PIK Loan and six beneficial holders of the PIK Loan who are, in each case, funds or accounts managed or advised by, or by affiliates of, the ad hoc group of lenders (the "*PIK Lender Group*," and together with the Administrative Agent, the "*Petitioning Creditors*").[2]  The PIK Lender Group holds approximately 77% of the amount outstanding under the PIK Loan.  In support of the Involuntary Petition, the Administrative Agent respectfully states as follows:

## Jurisdiction

1. The United States Bankruptcy Court for the District of Nevada (the "*Court*") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 1001(b) of the Local Rules of Bankruptcy Practice for the United States Bankruptcy Court of the District of Nevada (the "*Local Rules*"), amended January 1, 2016.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Administrative Agent does not consent to the entry of final orders or judgment by the bankruptcy court if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the Constitution.

---

[1] A copy of the PIK Loan Agreement is attached hereto as **Exhibit A**.

[2] The PIK Lender Group is comprised of GoldenTree Asset Management LP, Alcentra Limited, Fortress Investment Group/Mount Kellet Capital Management, HIG Capital International Advisors LLP/Bayside Capital, Sound Point Capital Management, LP, and Värde Partners Europe Limited, each of which is, or is an affiliate of, the manager and or advisor of funds and/or accounts who are the beneficial holders of the PIK Loan.

**Statement**

3. The PIK Loan Agreement is between the Debtor,[3] the Lenders (defined in Section 1.1 of the PIK Loan Agreement as any original lender and any entity that subsequently participates in the PIK Loan), the administrative agent, and certain other arrangers and bookrunners. It provides, among other things, that the Lenders will loan €600,000,000 to the Debtor for certain corporate purposes at a payment-in-kind (PIK) interest rate of 11%, with principal and interest to be repaid no later than March 31, 2017. *See, e.g.*, Sections 2.1, 3.1, 6, 7.1, and 8.1. There are currently a total of approximately 61 Lenders (the "***PIK Lenders***") who are participating in the PIK Loan.[4]

4. Under Section 2.4 of the PIK Loan Agreement, the rights and obligations of each Finance Party under the Finance Documents are "separate and independent rights" that can be "separately enforce[d]," and the debt arising under the Finance Documents to each Finance Party is a "separate and independent debt." Finance Party is defined in Section 1.1 of the PIK Loan Agreement as including the Lenders and the Administrative Agent. Finance Documents are defined in Section 1.1 of the Agreement as including the PIK Loan Agreement.

5. The current administrative agent is GLAS USA LLC ("***GLAS***"). GLAS is the successor administrative agent appointed to act as administrative agent for each of the PIK Lenders under the PIK Loan Agreement, pursuant to section 16.1 of that Agreement. GLAS was appointed on May 17, 2017 to succeed Credit Suisse AG, London Branch ("***Credit Suisse***") as the administrative agent under the process provided for in Section 16.13(c) of the PIK Loan Agreement. That process occurred after Credit Suisse resigned as administrative agent on April 12, 2017 and a 30-day period expired without any appointment of another successor trustee under Section 16.13(b). A copy of the Accession Agreement dated May 17, 2017, between GLAS, as successor administrative agent, and Credit Suisse AG, London Branch, as resigning administrative agent, is attached hereto as **Exhibit B**.

---

[3] The Debtor is a successor by merger in 2010 to EB Holdings, Inc., a Delaware corporation.

[4] The transactions pursuant to which the PIK Lenders became Lenders under the PIK Loan Agreement are described in more detail in the *Statement of the PIK Lender Group in Support of Involuntary Chapter 11 Petition Under Section 303 of the Bankruptcy Code* (the "***PIK Lender Statement***"), filed contemporaneously herewith.

2

6. The Administrative Agent has the right under Sections 4.03 and 4.08 of Annex I to the PIK Loan Agreement to "pursue any available remedy to collect payment of principal, premium, if any, and interest on the [PIK Loan] and to enforce the performance of any provision in this PIK Loan Agreement" if an Event of Default occurs. An Event of Default is defined in Section 4.01(b) of Annex I as, among other things, the Debtor's failure to pay when due the "principal of or premium, if any, on the Loans when the same becomes due and payable on the Final Maturity Date." The Final Maturity Date is defined in Section 1.1 of the PIK Loan Agreement as March 31, 2017.

7. If the Debtor fails to pay the principal of the PIK Loan on the Final Maturity Date, the Administrative Agent is also authorized under Section 4.08 of Annex I to "recover judgment in its own name and as agent for the [PIK Lenders] against [the Debtor] for the whole amount of principal of, premium and interest remaining unpaid on the Loans and interest on overdue principal and, to the extent lawful, interest and such further amount as shall be sufficient to cover the costs and expenses of collection, including reasonable compensation, expenses, disbursements and advances of the Administrative Agent, its agents and counsel."

8. The Debtor failed to repay the principal and interest on the PIK Loan on March 31, 2017, when the loan matured (the Final Maturity Date). Thus, an Event of Default occurred and is continuing under Section 4.01(b). The aggregate amount currently owing on the past-due PIK Loan is at least €1.8 billion, based on the €600,000,000 original principal amount plus accrued interest. In addition to claims for unpaid principal and interest (including default interest), the Administrative Agent also has claims against the Debtor for, among other things, fees and expenses owed in connection with the PIK Loan Agreement.[5] Accordingly, the Administrative Agent and each of the PIK Lenders hold claims against the Debtor that are not contingent as to liability or the subject of *bona fide* dispute as to liability or amount, and which claims are each in excess of $15,325 more than the value of any liens securing the PIK Loan, as required by section 303(b)(1) of the Bankruptcy Code.

---

[5] The Administrative Agent reserves the right to supplement this Statement to provide additional detail concerning the amount and nature of its claims against the Debtor.

9. The Debtor has advised that it is unable to repay the principal and interest that is due and payable on this overdue loan, and thus the PIK Loan is in default. The Debtor has not identified any assets that it owns that would be sufficient to repay the amount of principal and interest that is due and payable.

10. In light of the continuing Event of Default, the Debtor's inability to repay the PIK Loan, and the Debtor's failure to voluntarily commence an appropriate proceeding to address its outstanding debt obligations, the Administrative Agent (as agent for all of the PIK Lenders) and the PIK Lender Group have filed this involuntary petition to enforce their separate and independent rights as Finance Parties under the PIK Loan Agreement, and to protect the interests of the PIK Lenders as a whole.

11. A bankruptcy proceeding will protect the value of the Debtor and its subsidiaries, ensure that the Debtor adheres to its fiduciary duties, and provide the crucial benefits and protections available to all parties under the Bankruptcy Code, for the reasons more fully set forth in the separate PIK Lender Statement.

**Conclusion**

12. The Administrative Agent respectfully submits this Statement in support of the Involuntary Petition, and asks the Court to order relief against the Debtor as set forth in section 303(h) of the Bankruptcy Code.

. . .

. . .

. . .

1
2
3  *Dated*:  May 18, 2017
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully,

*/s/ Matthew C. Zirzow*

Matthew C. Zirzow, Esq., NVB 7222
LARSON & ZIRZOW
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169
E-mail:mzirzow@lzlawnv.com

-and-

Andrew N. Goldman, Esq.
Charles C. Platt, Esq.
Michael A. Guippone, Esq.
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
E-mail:
andrew.goldman@wilmerhale.com
charles.platt@wilmerhale.com
michael.guippone@wilmerhale.com

-and-

WILMER CUTLER PICKERING HALE AND DORR LLP
Benjamin W. Loveland, Esq.
60 State Street
Boston, Massachusetts 02109
Tel:  (617) 526-6000
Fax:  (617) 526-5000
E-mail:
benjamin.loveland@wilmerhale.com

*Counsel to the Petitioning Creditor GLAS USA LLC, in its capacity as successor Administrative Agent*