GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
GABRIELLE A. HAMM, ESQ.
Nevada Bar No. 11588
Email: ghamm@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Tel: (725) 777-3000
*Attorneys for Alleged Debtor, EB Holdings II, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>EB HOLDINGS II, INC.<br><br>Alleged Debtor. | Case No.: BK-S-17-12642-MKN<br>Chapter 11 (Involuntary)<br><br>Date: June 19, 2018<br>Time: 9:30 a.m. |

**OBJECTION TO JOINDER OF SUSQUEHANNA IRELAND LIMITED AND NATWEST MARKETS PLC TO GLAS USA LLC'S MOTION PURSUANT TO 11 U.S.C. § 362(d) FOR RELIEF FROM THE AUTOMATIC STAY**

EB Holdings II, Inc. ("EB Holdings"), the alleged debtor in the above-captioned case, hereby submits this objection (the "Objection") to the joinder (the "Joinder") [ECF No. 281] filed by Susquehanna Ireland Limited and NatWest Markets Plc, purported minority lenders under the PIK Loan Agreement (the "Alleged Minority Lenders").

The Joinder is not a joinder, but a new argument and independent request for relief. See In re Frank's Oilfield Serv., Inc., No. 11-06-10826 TF, 2013 WL 4048604, at *2 (Bankr. D.N.M. Aug. 9, 2013) (the joinder rules of civil procedure do not apply to contested matters, and therefore, a "joinder" to an objection is not a joinder, but an objection), citing Fed. R. Bankr. P. 9014(c); In re Downey Regional Medical Center Hosp., Inc., 441 B.R. 120, 128 (B.A.P. 9th Cir. 2010) (Fed. R. Civ. P. 19 does not apply in contested matters); In re Fort Wayne Foundry Corp., No. 09-12423, 2009 WL 2524493, at *2 (Bankr. N.D. Ind. July 23, 2009) (logistical problems trying to identify

<mark>Case 17-12642-mkn    Doc 284    Entered 06/22/18 15:41:22    Page 2 of 3</mark>

and satisfy all of the different notice and hearing requirements for multiple parties resulted in decision not to allow joinder of claims in contested matters). Consistent with the Federal Rules of Bankruptcy Procedure, this Court's rules do not permit the filing of joinders in contested matters. See LR[1] 9014(d). Casting a request for relief as a joinder cannot cure its tardiness, because "[i]f that stratagem worked, there could be no late filings in any contested matters so long as there was one timely filing." In re Frank's Oilfield Serv., 2013 WL 4048604, at *2.

Though few cases deal with joinders in the context of contested matters governed by Bankruptcy Rule 9014, courts consistently strike fugitive filings and late-filed papers which deprive the opposing party of any meaningful opportunity to respond. See, e.g., Almy v. Davis, No. 2:12-CV-00129-JCM, 2014 WL 773813, at *5 (D. Nev. Feb. 25, 2014) (striking motion as a "fugitive document" because, *inter alia*, it was filed in violation of the court's prior order), citing Reiger v. Nevens, 3:12–CV–00218–MMD–VPC, 2014 WL 537613, at *2 (D. Nev. Feb. 7, 2014) ("A document not allowed by Local Rule 7–2, or otherwise permitted by order of this Court, is a fugitive document and must be stricken from the record.").[2]

To the extent joinder is permissible, it may only state that the party is joining another's motion and may not contain further or additional substantive argument. See Liveops, Inc. v. Teleo, Inc., No. C05-03773 MJJ, 2006 WL 83058, n.2 (N.D. Cal. Jan. 9, 2006) (court struck substantive portion of defendant's "joinder" in another defendant's motion to dismiss, finding that it was "not

---

[1] Unless otherwise stated, all references to "Chapter" and "Section" are to Title 11 of the United States Code (the "Bankruptcy Code"), all references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to LR are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada (the "Local Rules").

[2] See also Mazzeo v. Gibbons, No. 2:08-CV-01387-RLH-PA, 2010 WL 3910072, at *3 (D. Nev. Sept. 30, 2010) (court has inherent authority to strike a response that fails to comply with court's order as "[a]ny other result would render the Court's orders completely ineffective and cripple the Court's ability to manage its docket"); Sportsmans Warehouse, Inc. v. Fair, No. CIV.A. 07-CV-01271-W, 2008 WL 410589, at *4-5 (D. Colo. Feb. 13, 2008) (striking joinder motion under Rule 16(b) where delay was prejudicial); Bock v. Siena Golf, LLC, No. 204CV00311PMPGWF, 2006 WL 1663555, at *10 (D. Nev. June 12, 2006) (striking from the record third party complaint filed after the scheduling order deadline without leave of the court as a "fugitive document"); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (finding amendment after pretrial scheduling order governed by Rule 16(b) rather than Rule 15(a), and upholding trial court's denial of late motion to amend to join party where movant failed to show good cause).

a true joinder in motion" as it contained additional substantive arguments and did not conform with the notice and timing requirements of local rules).

Allowing the Alleged Minority Lenders to submit additional substantive argument and unsubstantiated factual allegations *after* EB Holdings' opposition deadline not only violates both Bankruptcy Rule 9014 and this Court's Local Rules, but unfairly prejudices EB Holdings because it deprives EB Holdings of any ability to respond or to conduct discovery with respect to factual allegations contained in the Joinder.  Further, the Alleged Minority Lenders have offered no explanation for why they have been lying in the weeds for a year, appearing for the first time only when EB Holdings would have no meaningful opportunity to respond.  Accordingly, the Court should decline to consider the Joinder.

Dated this 22nd day of June, 2018.

GARMAN TURNER GORDON LLP

 */s/ Gregory E. Garman*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
GABRIELLE A. HAMM, ESQ.
650 White Drive, Suite 100
Las Vegas, Nevada 89119
*Attorneys for Alleged Debtor,*
*EB Holdings II, Inc.*

4827-7269-5915, v. 2